UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-6306-BRO (KK)** | Date: | August 26, 2016 |
|---|---|---|---|
| Title: | ***August Anthony Ford v. United States of America, et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:      (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed for Lack of Jurisdiction**

## I.
## BACKGROUND

On January 23, 2014, following a jury trial in the United States District Court for the Eastern District of Tennessee, Petitioner August Anthony Ford ("Petitioner") was convicted of multiple counts of armed robbery under the Hobbs Act; assault and armed robbery of a postal clerk; felon in possession of a firearm; and using, carrying, and brandishing of a firearm during a crime of violence in violation of Title 18 of the United States Code, sections 1951, 2114(a), 922(g)(1), and 924(c)(1)(A)(iii). See ECF Docket No. ("Dkt.") 1, Pet. at 2; USA v. Ford, 1:13-cr-00098-CLC-SKL (E.D. Tenn., filed September 24, 2013).[1] On May 8, 2014, Petitioner was sentenced to 1,164 months in prison and three years of supervised release. Ford, 1:13-cr-00098-CLC-SKL at Dkt. 37, Mins.

---

[1] A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

Petitioner appealed his 2014 conviction and sentence to the United States Court of Appeals for the Sixth Circuit.  Dkt. 1, Pet. at 2.  On April 15, 2015, Petitioner's conviction was affirmed.  Id.

On May 28, 2016, Petitioner constructively filed[2] the instant pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to Title 28 of the United States Code, section 2241 ("Section 2241") in this Court, challenging his 2014 conviction and sentence.  Dkt. 1, Pet.  While not entirely clear, Petitioner asserts the statutes under which he was convicted and sentenced contain the language, "crime of violence," which is unconstitutionally vague under the reasoning of Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (holding the "residual clause" of 18 U.S.C. § 924(e) was unconstitutionally vague) and Welch v. United States, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016) (holding Johnson should be applied retroactively).  E.g., Dkt. 1, Pet. at 3-4, 7, 22.

On June 23, 2016, Petitioner constructively filed a motion to vacate his 2014 conviction and sentence pursuant to Title 28 of the United States Code, section 2255 ("Section 2255") in the Eastern District of Tennessee.  Id. at 6.  The Section 2255 Motion remains pending.  Id.; see Ford, 1:13-cr-00098-CLC-SKL at Dkt. 58, Mot. to Vacate.

## II.
## DISCUSSION

### A.      APPLICABLE LAW

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under Section 2241 in the custodial court.  Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).  On the other hand, Section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under Section 2255 and "[Section] 2255 motions must be heard in the sentencing court."  Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a Section 2255 challenge to the legality of detention must be filed in the sentencing court.  Under the "escape hatch" of Section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under Section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006).  A prisoner may file under Section 2255's escape hatch in the custodial court "when the

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" <u>Marrero v. Ives</u>, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting <u>Stephens</u>, 464 F.3d at 898).

With respect to the first prong of Section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Stephens</u>, 464 F.3d at 898 (citing <u>Bousley v. United States</u>, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). With respect to the second prong of Section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first [Section] 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion." <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

## B.   ANALYSIS

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution." <u>See</u> <u>Harrison</u>, 519 F.3d at 956. Rather, Petitioner challenges the legality of his 2014 conviction and sentence. <u>See</u> Dkt. 1, Pet. Thus, Petitioner cannot proceed in this Court, the custodial court, unless Section 2255's "escape hatch" provision applies. <u>Lorentsen</u>, 223 F.3d at 953. Applying the two prongs of Section 2255's escape hatch, the Court finds the Petition does not qualify for the exception. <u>Harrison</u>, 519 F.3d at 959.

### (1)   This Court Need Not Decide Whether Petitioner Demonstrates Actual Innocence

Petitioner concedes he was not convicted or sentenced under the residual clause of Title 18 of the United States Code, section 924(e) held unconstitutional in <u>Johnson</u>. <u>See</u> Dkt. 1, Pet. However, Petitioner asserts he is actually innocent because <u>Johnson</u> and <u>Welch</u> should extend to the statutes under which he was convicted and sentenced. <u>See</u> <u>id.</u> Notably, there is a current split among federal courts on whether, and to what extent, <u>Johnson</u> and <u>Welch</u> apply to other federal statutes. <u>See</u> <u>United States v. Taylor</u>, 814 F.3d 340, 375-76 (6th Cir. 2016) (holding "crime of violence" language in 18 U.S.C. § 924(c)(3) is not unconstitutionally vague "[b]ecause § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in <u>Johnson</u>, and because much of <u>Johnson's</u> analysis does not apply to § 924(c)(3)(B)"); <u>United States v. Gonzalez-Longoria</u>, No. 15-40041, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (holding 18 U.S.C. § 16(b)'s "crime of violence" language "is not unconstitutionally vague"). <u>But see</u> <u>United States v. Edmundson</u>, 153 F. Supp. 3d 857, 862 (D. Md. 2015), as amended (Dec. 30, 2015) (extending <u>Johnson</u> and holding 18 U.S.C. § 924(c)'s "crime of violence" language suffered "from impermissible vagueness"); <u>Dimaya v. Lynch</u>, 803 F.3d 1110, 1120 (9th Cir. 2015) (extending <u>Johnson</u> and holding 18 U.S.C. § 16(b)'s "crime of violence" language is "unconstitutionally vague"). Indeed, the United States Supreme Court will consider whether <u>Johnson</u> should be extended to the United States Sentencing Guidelines, section 4B1.2(a)(2)

(defining "crime of violence") in a pending case, <u>Beckles v. United States</u>, No. 15-9544 (cert. granted Jun. 27, 2016).  <u>See</u> <u>In re: Embry</u>, No. 16-5447, 2016 WL 4056056, at *4 (6th Cir. July 29, 2016) (holding in abeyance Section 2255 motion raising <u>Johnson</u> pending <u>Beckles</u> because "[a]fter the Supreme Court resolves some or (hope springs eternal) all of these questions, the district courts will be well positioned to handle these cases fairly and efficiently").  Hence, it is currently unclear as to whether the reasoning set forth in <u>Johnson</u> extends to any of the statutes under which Petitioner was convicted and sentenced.

Nonetheless, as discussed below, it is clear Petitioner fails the escape hatch's second prong.  Thus, the Court need not decide whether Petitioner demonstrates actual innocence to fulfill the escape hatch's first prong.  <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1061 (9th Cir. 2003) ("To the extent that Ivy may have a viable claim of innocence, something we do not decide, he has not been denied an unobstructed procedural opportunity to present it.  For that reason, § 2255 does not provide an inadequate or ineffective remedy.").

### (2)    Petitioner Fails to Demonstrate He Lacks an Unobstructed Procedural Shot to Raise His Claim

As a preliminary matter, Petitioner filed the Petition in this Court on May 28, 2016 and subsequently filed his Section 2255 Motion in the Eastern District of Tennessee on June 23, 2016.  Dkt. 1, Pet.; <u>Ford</u>, 1:13-cr-00098-CLC-SKL at Dkt. 58, Mot. to Vacate.  Hence, it appears the Petition was improperly filed in this Court prior to the filing of Petitioner's Section 2255 Motion in the Eastern District of Tennessee.  <u>See</u> <u>Hernandez</u>, at 864-65.

Most significantly, because Petitioner Section 2255 Motion is still pending in the Eastern District of Tennessee, Petitioner cannot show he lacks an unobstructed procedural shot to raise his claim because "[h]e must never have had the opportunity to raise it by motion" to qualify for the escape hatch.  <u>Ivy</u>, 328 F.3d at 1060; <u>see</u> <u>Sperow v. United States</u>, No. CV 13-4244-DMG (JCG), 2013 WL 6910415, at *2 n.2 (C.D. Cal. Dec. 31, 2013) (stating "because Petitioner's § 2255 motion in Idaho District Court remains pending, there is no basis for the Court to find that Petitioner had no remedy under § 2255").

Petitioner thus fails to qualify for Section 2255's escape hatch and this Court lacks jurisdiction to entertain the matter.  <u>Harrison</u>, 519 F.3d at 959.  Therefore, as the Court lacks jurisdiction, the Court is inclined to dismiss this action.  <u>Hernandez</u>, at 864-65.
///
///
///
///
///
///
///
///
///

### III.
### ORDER

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response as to why this action should not be dismissed for lack of jurisdiction no later than **twenty-one (21) days after the date of this Order**.  In the response, Petitioner must elect one of the following three options:

1. If Petitioner contends his action is not a Section 2255 challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court no later than **twenty-one (21) days after the date of this Order**. Petitioner should attach copies of any documents that support his position.

2. If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the Section 2255 escape hatch, he should clearly explain this in a filing with this Court no later than **twenty-one (21) days after the date of this Order**.  Petitioner should attach copies of any documents that support his position.

3. If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed no later than **twenty-one (21) days after the date of this Order**.  **A Notice of Dismissal form is attached for Petitioner's convenience.**  The Court advises Petitioner, however, that if Petitioner should later attempt to raise his dismissed claims in a subsequent habeas petition or Section 2255 motion, those claims may be time-barred, and may be barred as successive.

The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey court orders.

**IT IS SO ORDERED.**